**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  5:25CR401 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE CHARLES E. FLEMING |
| | : | |
| vs. | : | |
| | : | |
| EMILIO ALVAREZ PEREZ, | : | **MOTION TO DISMISS** |
| | : | **COUNTS 2, 3, and 4 OF THE** |
| Defendant. | : | **INDICTMENT** |

Now comes Defendant, EMELIO ALVAREZ PEREZ, by and through counsel, and pursuant to Federal Rule of Criminal Procedure 12(b)(2), hereby moves this Court to dismiss Counts 2, 3, and 4 of the Indictment for the reason that the charges set forth therein are time-barred pursuant to 18 U.S.C. § 3282(a).

A memorandum in support is attached hereto and incorporated by reference herein.

Respectfully submitted,

/s/ David C. Knowlton
David C. Knowlton #0059687
Attorney for Defendant
**KENNEDY. CICCONETTI. KNOWLTON
& BARNARD CO., LPA**
111 South Buckeye Street, Suite 270
Wooster, OH 44691
Phone:  330/262-7555
Fax: 330/264-5739
Email: *dck@kckblaw.com*

**MEMORANDUM IN SUPPORT**

### I.    Facts and Procedural History

On August 19th, 2025, Defendant, Emilio Alvarez Perez, was named in a four-count indictment alleging violations of 8 USC §1326(a) (Unlawful Reentry – Count 1), 18 USC §1015(e) (False Claim to US Citizenship to Engage Unlawfully in Employment – Count 2), 42 USC §408(e)(7)(B) (Misuse of Social Security Number – Count 3), and 18 USC §1028A(a)(1), Aggravated Identity Theft – Count 4).    The indictment stemmed from Defendant's employment with a metal fabricating company in Canton, Ohio, AZZ Galvanizing.

Defendant began his employment with AZZ Galvanizing on June 24th, 2013.  Based upon employment records obtained from the AZZ Galvanizing as part of the Government's investigation,  an I-9 Employment Eligibility Form was discovered in which Defendant used another name and a social security number that was not assigned to him to establish his eligibility for employment. (Ex. A – Form I-9)  The form was submitted on June 24th, 2013. *Id.*   There is no other evidence to suggest that the information used by the Defendant to obtain employment in 2013 was used in any other manner since that date.

### II.    Law and Argument

#### A. Summary of Argument

It is Defendant's position that Counts 2, 3 & 4 of the Indictment are time-barred by the statute of limitations for these offenses.   The alleged conduct that resulted in the criminal charges herein was more than 12 years before the indictment against him was filed, well past the five-year statute of limitations period.

Both the language of the statutes Defendant is charged to have violated and the nature of the offenses contained therein establish that these offenses are not intended to be a "continuing offense" simply by virtue of continued employment.   The alleged criminal act in counts 2-4 of the Indictment occurred on June 24th, 2013, and as a result the statute of limitations for these offenses has expired and these counts are time-barred.

### B.  LAW

#### 1)  Statute of Limitations

Congress did not proscribe a statute of limitations for offenses contained in 18 U.S.C. §§ 1015(e), 1028A(a)(1), and 42 U.S.C. § 408(a)(7)(B).  Accordingly, each offense is subject to a five-year statute of limitations set forth in 18 U.S.C. § 3282(a).

"The statute of limitations begins to run when a crime is complete, that is, when each element of the crime charged has occurred." *United States v. Grenier*, 513 F.3d 632, 636 (6th Cir. 2008), citing *United States v. Lutz*, 154 F.3d 581, 586 (6th Cir. 1998).  When the statute of limitations begins to run is at the crux of this motion.

It is Defendant's position that the statute of limitations began to run on June 24, 2013, the date in which the alleged crime was completed as to Counts 2, 3 and 4.  The Government has asserted in the Indictment, and it will be their anticipated position herein that an exception applies, the doctrine of continuing offenses, and accordingly the statute of limitations has not expired on these counts.

#### 2)  Continuing offense exception

The United States Supreme Court, in *Toussie v. United States*, 397 U.S. 112 (1970), established a two-step test to determine whether an offense constitutes a "continuing offense" to meet the exception to the general rule that the statute of limitations for any offense "begins

3

to run when the crime is complete". *Id.* at 115, quoting *Pendergrast v. United States*, 317 U.S. 412, 418 (1943).  In *Toussie*, the Supreme Court rejected an argument that failing to register for the draft was a continuing offense even though there was a regulation expressly stating that registering for the draft was a "continuing duty." *Toussie*, 397 U.S. at 119-20.  Instead, the Court noted that draft registration was an "instantaneous" event and that there is "nothing inherent in the act of registration itself which makes failure to do so a continuing crime." *Id.* at 122.

In so holding, the *Toussie* Court established the two-step approach for lower courts to determine whether an offense constitutes a continuing offense: either "the explicit language of the substantive . . . statute compels such a conclusion, or the nature of the [offense] involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie*, 397 U.S. at 115.

While not binding authority, the most analogous case that employs the *Toussie* approach is the Fifth Circuit's decision in *United States v. Tavarez-Levario*, 788 F.3d 433 (5th Cir. 2015).  In *Tavarez-Levario*, the defendant "was indicted by a federal grand jury for having knowingly used, possessed, obtained, accepted, and received a counterfeit I-551 ('green card') and counterfeit Social Security card in violation of 18 U.S.C. § 1546(a)." 788 F.3d at 435. The specific allegation contained in the Indictment was that the defendant was alleged to have "presented a counterfeit green card and counterfeit social security card to obtain employment." *Id.*

The defendant moved to dismiss his Indictment on the basis that his offense was not a continuing one and as such it was barred by the statute of limitations.  *Id.* at 435-36. The Government took the position that the Defendant's "'use' of a counterfeit document was a

continuing offense such that the statute of limitations did not begin to run until [the defendant] was no longer employed based on the documents." *Id.* at 435.

The trial court denied the motion, and on appeal, the Fifth Circuit reversed, holding that "use" of a fraudulent immigration document under 18 U.S.C. § 1546(a) to obtain employment did not constitute a "continuing offense" for the length of the employment for statute of limitations purposes. *Id.*

In applying the two-step *Toussie* analysis, the Fifth Circuit first found that "[t]he explicit statutory language does not compel a conclusion that use of a counterfeit or fraudulently obtained immigration document is a continuing offense," contrary to other statutes in which Congress explicitly stated when a crime was a continuing offense. *Id.* at 437. The Court further opined that it was "clear" that the term "use" in the context of 18 USC §1546 meant "[t]o employ for the accomplishment of a purpose." *Id.* at 438 (quoting *Black's Law Dictionary* (10th ed. 2014)). The Court further referenced the Supreme Court's characterization of the term "use" as one that "implies 'action and implementation,'" particularly when viewed "in the context of § 1546(a), which separately proscribes 'possessing' a counterfeit or fraudulently obtained immigration document." *Id.* (quoting *Bailey*, 516 U.S. at 145).

With respect to the second prong of the *Toussie* analysis, the Fifth Circuit determined that the nature of the offense at issue, namely the use of a fraudulent document to obtain employment, was "not 'such that Congress must assuredly have intended that it be treated as a continuing one.'" *Id.* at 441 (quoting *Toussie*, 397 U.S. at 115).  In so concluding, the Court identified the "defining characteristic of a continuing offense" as being an offense that "involves ongoing perpetration, which produces an ongoing threat of harm." *Id.* at 439.

Specifically applicable to the alleged violations herein, the Court opined:

> Unlike other crimes that have been construed as continuing offenses, use of a counterfeit or fraudulently obtained immigration document does not by its nature involve ongoing perpetration that produces an ongoing threat of harm. There is nothing about the "use" of an immigration document that denotes temporal longevity. As explained above, a person uses a counterfeit or fraudulently obtained immigration document when he employs the document for a purpose. This may take the form of employing the counterfeit or fraudulently obtained document to obtain employment, gain entry into the country, or obtain other rights and privileges that normally proceed from the employment of a valid immigration document. Any of these uses of a counterfeit or fraudulently obtained immigration document naturally occur in incidents of finite duration; they do not by nature involve "a continuous, unlawful act or series of acts." For example, using a fraudulent document to obtain entry into the country occurs as a discrete incident, as might the attainment of employment or other benefits. This is in stark contrast to traditional continuing offenses, such as conspiracy, that by their essence prohibit conduct that perdures. *Id.* at 440 (citations omitted) (quoting *United States v. Brazell*, 489 F.3d 666, 668 (5th Cir. 2007)).

While no court has specifically dealt with this issue with respect to violations of 18 U.S.C. § 1015(e), the 10th Circuit Court of Appeals has found that a violation of 42 U.S.C. § 408(a)(7)(B) is not a continuous offense.  In *United States v. Payne*, 978 F.2d 1177 (10th Cir. 1992), cert. denied, 508 U.S. 950, 113 S. Ct. 2441, 124 L. Ed. 2d 659 (1993), the defendant was indicted pursuant to 42 U.S.C. § 408(a)(7)(B) in March, 1991, for fraudulently represented his Social Security number to a number of financial institutions between 1977 to 1984 to open various banking and investment accounts.

The Tenth Circuit held that the Indictment was barred by the five-year statute of limitations, reasoning that the last false representation of his Social Security number occurred in 1984 when he last opened an account, which was seven years prior to the indictment.  In so holding, the Court concluded "that the crime is complete at the time of the representation." *Id.* at 1180.

6

**C. ARGUMENT**

<u>Count 2 - 18 USC §1015(e) False Claim to US Citizenship to Engage Unlawfully in Employment</u>

In Count 2 of the Indictment, the Government alleges that "On or about June 24, 2013, continuing to on or about August 6, 2025…Defendant, EMILIO ALVAREZ PEREZ, knowingly made a false statement and claim that he was…a citizen and national of the United States, with the intent to engage unlawfully in employment in the United States."

This count clearly refers to a single act…that of making a false statement to obtain employment. The use of a fraudulent document to establish employment authorization and to obtain employment is a one-time, discrete event, and not a continuing offense. Although employment may continue, of course, the act of being hired itself is a distinct event that does not continue once employment has been obtained.

Accordingly, neither the direct language of the statute nor the nature of the offense suggests that it is a continuing offense. The Government will likely argue that continued employment makes this offense a continuing offense, and thus not barred by the statute of limitations. This argument fails for the same reasons the Court rejected it in *Tavarez-Levario*, wherein the court opined:

> First, under *Toussie*, the analysis of whether a crime constitutes a continuing offense involves ***examining the offense itself, not the defendant's particular conduct***. Second, the fact that a particular defendant's conduct provided long-term benefits to that defendant does not mean that his offense is a continuing one. Instead, the nature of the offense itself must be such that it inherently involves criminal activity of an ongoing or continuous character. Even a crime that naturally occurs in a single, finite incident can produce prolonged benefits to an offender; this does not mean that the statute of limitations refrains from running until all benefits of the criminal act dissipate. 788 F.3d 433, 440. (emphasis added)

The allegations in Count 2 occurred on June 24th, 2013.  There is no evidence of any further false representations in order to secure employment by the Defendant.  Count 2 should be dismissed, as having occurred long before the statute of limitations expired for this offense.

Count 3 - 42 USC §408(a)(7)(B)  Misuse of Social Security Number

In Count 3, the Government alleges that "From on or about June 24, 2013, continuing to on or about August 6, 2025…Defendant, EMILIO ALVAREZ PEREZ, for the purpose of gaining employment, knowingly and with the intent to deceive, falsely represented a social security account number … to be the social security number assigned to him … when in fact such social security account number had not been assigned to him…."

The *Toussie* analysis conducted by the 10th Circuit in *Payne, supra,* is complete and has sound reasoning.  As was the case in *Payne*, the alleged violation of 42 USC §408(a)(7)(B) as set forth in the Indictment herein is a one-time, discrete event, and not a continuing offense.  Accordingly, the statute of limitations began to run upon the completion of the act by the Defendant, which was alleged to have occurred on June 24th, 2013.

As there were no false representations made by the Defendant within the five years preceding the date of the Indictment herein, Count 3 should be dismissed as the statute of limitations has run.

Count 4 – 18 USC §1028A(a)(1)  Aggravated Identity Theft

As to this count, the Indictment reads:  "From on or about June 24, 2013, continuing to on or about August 6, 2025…Defendant, EMILIO ALVAREZ PEREZ, did knowingly use, without lawful authority, a means of identification of A.M., to wit: a social security card, during and in relation to a felony violation enumerated in 18 USC §1028A(c), to wit: False Claim to US Citizenship to Engage Unlawfully in Employment…and Misuse of Social

Security Number…as alleged in Counts 2 and 3, knowing that the means of identification belonged to another actual person whose identity is known to the grand jury…" Further, the Count incorporates the factual allegations contained in Counts 2 and 3.

18 USC §1028A clearly relies upon the predicate felony offense(s) to establish whether it satisfies an exception to the statute of limitations.   Accordingly, based upon the nature of the predicate felonies, the violation here is a discrete, instantaneous event—Defendant is alleged to have used the document, which misrepresented him as a US Citizen, to obtain employment.   There is no allegation of other instances or jobs in which the Defendant allegedly used this information, but simply a single use.  On that basis, Count 4 as charged is not a continuing offense.

It logically follows that the statute of limitations began to run as to Count 4 when the alleged predicate felony offense(s) were complete—in this case, on June 24th, 2013.   The statute of limitations as to Count 4 has run, and as a result Count 4 should be dismissed by this court accordingly.

## III.   CONCLUSION

For the foregoing reasons, Defendant, EMILIO ALVAREZ PEREZ, respectfully requests that this court dismiss Counts 2, 3 and 4 of his Indictment for the reason that the charges contained therein are time-barred pursuant to 18 U.S.C. § 3282(a).

Respectfully Submitted,

/s/ David C. Knowlton
David C. Knowlton #0059687
Attorney for Defendant
**KENNEDY. CICCONETTI. KNOWLTON
& BARNARD CO., LPA**
111 South Buckeye Street, Suite 270
Wooster, OH 44691
Phone:  330/262-7555
Fax: 330/264-5739
Email: dck@kckblaw.com

PROOF OF SERVICE

On November 4, 2025, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ David C. Knowlton
David C. Knowlton #0059687
Attorney for Defendant

10