**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 5:25CR401 |
| | : | |
| Plaintiff | : | |
| | : | JUDGE CHARLES E. FLEMING |
| vs. | : | |
| | : | |
| EMILIO ALVAREZ PEREZ, | : | **DEFENDANT'S REPLY BRIEF** |
| | : | **IN SUPPORT OF DISMISSAL** |
| | : | **OF COUNTS 2, 3 AND 4 OF** |
| Defendant. | : | **THE INDICTMENT** |

Now comes Defendant, EMILIO ALVAREZ PEREZ, by and through counsel, and hereby submits his response to the Government's Memorandum in Opposition to Defendant's Motion to Dismiss Counts 2, 3 and 4 of his Indictment.

Pursuant to the Memorandum in Opposition, the Government's approach to this motion is essentially two-fold: (1) all 3 counts are "continuing offenses" by virtue of Defendant's continued employment by AZZ, and as a result satisfies the second prong of the *Toussie* analysis, and (2) the Statute of Limitations was tolled (or in reality was boundless, as will be discussed below) as a result of an unsupported factual allegation that Defendant concealed his identity, without any mention of due diligence on behalf of the Government.

In summary, the Government's arguments before this Court are simply attempts to redirect this Court's focus to issues that *Toussie* cautions against, namely to focus on the benefit received and not the criminal act itself. Further, the Government bases its position on unsupported allegations, without any supporting case law even if the Government's

allegations had any merit.  Accordingly,  Defendant's Motion to Dismiss Counts 2, 3 and 4 of his Indictment should be granted by this Court.

I.      *Toussie* **Analysis**

The Government agrees that the two-part analysis in *Toussie v. United States*, 397 U.S. 112 (1970) controls in this case to ascertain whether the offenses contained counts 2, 3 and 4 Indictment are "continuing offenses" for Statute of Limitations purposes. (Doc #15, PageID: 65)   Further, the Government tacitly concedes that the explicit language of the statute "compels the conclusion" that these three charges should be deemed continuing offenses.  *Id.* at PageID 67; *Toussie* at 115.

It is important to note the Supreme Court's admonition in applying this analysis by lower courts:

> For these reasons and others, we have stated before "***the principle that criminal limitations statutes are 'to be liberally interpreted in favor of repose***,'  *United States* v. *Scharton*, 285 U.S. 518, 522 (1932)."  *United States* v. *Habig*, 390 U.S. 222, 227 (1968)…And Congress has declared a policy that the statute of limitations should not be extended "except as otherwise expressly provided by law." 18 U. S. C. § 3282. ***These principles indicate that the doctrine of continuing offenses should be applied in only limited circumstances*** since, as the Court of Appeals correctly observed in this case, "the tension between the purpose of a statute of limitations and the continuing offense doctrine is apparent; the latter, for all practical purposes, extends the statute beyond its stated term." *Id.* (emphasis added)

With this lens, application of the doctrine of continuing offenses herein should be closely scrutinized by this Court.  And as both parties assert, there is no Sixth or other Circuit precedent involving application of this doctrine to 18 USC §1015(e).

II.     **Count 2 -- 18 USC §1015(e)**

1. 18 USC §1015(e) is not a continuing offense under the *Toussie* analysis

Although unstated, the Government has conceded that the first prong of the *Toussie* analysis is not met.  (Doc #15, PageID: 67)  The Government instead focuses on the second

2

prong, namely that "the nature of the [offense] involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie*, 397 U.S. at 115.

The Government asserts the same argument rejected by the 5th Circuit in *United States v. Tavarez-Levario*, 788 F.3d 433 (5th Cir. 2015), outlined in Defendant's Motion to Dismiss herein. (Doc# 14, PageID: 46-48) Simply stated, the continuation of the benefit obtained (in both cases continued employment) does not support the conclusion that Congress intended 18 USC §1015(e) to be a continuous offense.

The elements the Government must establish with respect to a violation of 18 USC 1015(e) are (a) knowingly (b) makes a false statement or claim that he is, or at any time has been, a citizen or National of the United States, with (c) the intent to obtain for himself…any Federal or State benefit or service, or to engage unlawfully in employment.

The Government has no burden to prove either success in obtaining a benefit, service or employment, just that the intent was for that purpose. As continued employment or continued receipt of a benefit or service, if obtained, is not an element to the offense, the language of the statute cannot be perceived as intended to be a continuous offense. The "evil" that Congress seeks to address is the false representation, not the result, whether for a benefit, service or employment. *See Taverez-Levario*, at 440.

Finally, the Government's reliance on *United States v. Jones*, 533 F.2nd 1387, as it's only support of this argument, is misplaced. *Jones* involved the unlawful possession of a firearm, a "possessory" offense. In that case, contrary to the Government's assertion herein, the Sixth Circuit stated:

> Possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm. If Congress had wished to punish each act of dominion it could have done so easily by forbidding the acts of dominion instead of the course of conduct. *Id.* at 1390.

3

*Toussie* (failure to register for the draft), as well as the charge herein (false claim to United States Citizenship), are not "possessory offenses", and as a result *Jones* has no application herein.  The express language of 18 USC §1015(e) does not support that Congress intended it to be a continuing offense, and this Court should also find accordingly.

    2. <u>There is no factual nor legal support for the proposition that the statute of limitations should be tolled herein</u>

The Government next makes the argument that the statute of limitations should be tolled, based primarily on an unsupported allegation of continued concealment from the date that Defendant was hired by AZZ, and stating the elements of a "rule" with support of an unreported case from the 3rd Circuit.  (Doc #15, PageID: 68,69).

Without conceding that this is a "concealment" case as the Government alleges, there is simply no evidentiary basis to support the Government's assertion that Defendant actively concealed his identity after he began his employment with AZZ.  Even if the government were to somehow show facts that establish active acts of concealment by Defendant, they have not made any showing of due diligence on their part to investigate the offense.

Accepting the Government's argument would mean that the limitations period would be virtually unbounded for offenses under 18 USC §1015(e)…which flies in the face of *Toussie*. That is a decision that Congress can decide to include in the statute, as they have in many other circumstances.

The caselaw cited by the Government in support of its position is readily distinguishable.  The first case, *United States v. Lazo-Rodriguez*, 569 F. App'x 103 (3d Cir. 2014), a non-precedential unreported decision from the Third Circuit, involved a defendant charged with unlawful reentry (18 U.S.C. § 1326), making it a crime for a previously deported alien who "enters, attempts to enter, or *is at any time found* in the United States…".  *Id*. (emphasis

4

added). Congress has essentially created a continuous offense by the language of the statute. On the contrary, Congress does not use similar language in 18 U.S.C § 1015(e), but criminalizes an act (false representation of citizenship) with the intent to obtain a benefit, service or employment. By the nature of the offense and the clear language of the statute, *Lazo-Rodriguez* has no application herein.

Further, even if it had any precedential value, the facts of that case set forth a number of affirmative acts by the defendant that the Court found to be evidence of "active concealment". In the present case, the Government has made no such proffer.

The Government also cites *United States v. Del Percio*, 870 F.2d 1090 (6th Cir. 1989), but their reliance on this case is misplaced. This case does not support a reading of 18 USC §1015(e) as a "scheme" as the government alleges. The language of the statute is clear. Congress does not describe this offense as a "scheme", "plan", or "design", words that Congress uses in other statutes, such as mail and wire fraud. (*See, eg.,* 18 USC § 1341).

More importantly, *Del Percio* does not provide the definition of a "concealment" crime in the manner set forth in the Government's opposition (Doc #15, PageID: 71). The Sixth Circuit's dicta in *Del Percio* is clearly addressing to "possessory" crimes, such as that set forth in *Jones, supra,* above. 18 U.S.C. §1015(e) is not a "possessory" crime, but a "use" crime by its nature. Accordingly, the dicta in *Del Percio* is distinguishable and has no application to offenses outlined in 18 USC §1015(e).

The Government's argument in favor of tolling the statute of limitations is devoid of evidentiary and legal support. The statute of limitations has not been tolled, and this Count in the Indictment should be dismissed.

### III.    Count 3 – 42 USC §408(a)(7)(b)

The Government concedes that the Tenth Circuit Court of Appeals has found that a violation of 42 U.S.C. § 408(a)(7)(B) is not a continuous offense.  *United States v. Payne*, 978 F.2d 1177 (10th Cir. 1992), cert. denied, 508 U.S. 950, 113 S. Ct. 2441, 124 L. Ed. 2d 659 (1993).   The Government's argument herein is akin to that of the Government's argument in *Payne* which the Court rejected—that of focusing on the benefit obtained rather than the act criminalized in the statute.

As applicable herein, the *Payne* Court opined:

> Had Congress intended the crime to continue beyond the point that Defendant made the false representations, Congress could easily have prohibited concealing or failing to disclose a true social security number as it did in another subsection. *See* 42 U.S.C. §408(a)(4) (prohibiting "conceal[ing] or fail[ing] to disclose" the occurrence of an event affecting the continued right to payment).  (Citations omitted) However, by only prohibiting a false *representation,* Congress expressed its intention that the crime is complete at the time of the representation. (Emphasis in original; Citation omitted).  978 F.2d 1177, 1180.

The reasoning of the Tenth Circuit is sound.  Count 3 is time barred.

### IV.    Count 4 – 18 USC §1028A(a)(1)

The Government concedes that Count 4 would only be a continuing offense only if Count 2 and/or Count 3 were determined to be continuing, given that Counts 2 and 3 are predicate offenses.   By virtue of the fact that Counts 2 and 3 are not continuing offenses, Count 4 is also time barred by the statute of limitations.

### V.    Conclusion

Defendant respectfully requests that this court dismiss Counts 2, 3 and 4 of the Indictment herein, as the offenses contained therein are time barred pursuant to the 5-year statute of limitations.

Respectfully Submitted,


/s/ David C. Knowlton
David C. Knowlton #0059687
Attorney for Defendant
**KENNEDY. CICCONETTI. KNOWLTON
& BARNARD CO., LPA**
111 South Buckeye Street, Suite 270
Wooster, OH 44691
Phone:  330/262-7555
Fax: 330/264-5739
Email: *dck@kckblaw.com*


PROOF OF SERVICE

On November 17, 2025, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ David C. Knowlton
David C. Knowlton #0059687
Attorney for Defendant

7